1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Nicolas Esteban Cavieres Gomez, | Case No. 2:25-cv-00975-GMN-BNW |
| Petitioner, | |
| v. | **Order Denying Motion for a Temporary Restraining Order or Preliminary Injunction** |
| Christopher Chestnut, *et. al*, | |
| Respondents. | |

Petitioner Nicolas Esteban Cavieres Gomez seeks habeas corpus relief under 28 U.S.C. § 2241 in relation to his continued detention under an order of removal issued on February 7, 2025. On June 16, 2025, this Court held a hearing with respect to Petitioner's Emergency Motion for Temporary Restraining Order or Preliminary Injunction. ECF No. 8. Petitioner asks the court to enjoin the Respondents from transferring him to a facility outside of this Court's jurisdiction and from removing him from the continental United States during the pendency of this proceeding. Having considered the briefing and the representations of both parties at that hearing, the Court will deny preliminary relief as set forth below.

**Facts**

The Court makes the following preliminary findings based on documents filed in this case and the representations made by counsel at the June 16 hearing. Gomez is a citizen of Chile. He has been detained by the Department of Homeland Security (DHS) since about October 2024, and currently remains in immigration detention at the Nevada Southern Detention Center. On February 7, 2025, an Immigration Judge (IJ) ordered Gomez's removal, but the IJ found that Gomez's life or freedom would likely be threatened if deported to Chile and granted Gomez withholding of removal. The DHS did not appeal the order of withholding of removal.

With his § 2241 petition, Gomez challenges his continued detention because, in view of the IJ's decision to grant withholding of removal, he cannot now be removed to Chile, and his removal to a third country is not reasonably foreseeable.  To support this claim, he notes that the 90-day removal period under 8 U.S.C.A. § 1231(a)(1)A) has elapsed and, to his knowledge, the Respondents have made no attempt to arrange a third country removal.  He further alleges that emergency preliminary relief is warranted due to his continued detention despite having been awarded withholding of removal "as well as the Government's recent string of arbitrary and indiscriminate removal or attempts at removal of individuals to countries where they have no prior ties and face dangerous conditions." ECF No. 8 at 6.

**Legal Standard**

In deciding whether to issue a temporary restraining order (TRO) or a preliminary injunction, the court is governed by the same standard. S*tuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co*., 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Lockheed Missile & Space Co. v. Hughes Aircraft*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  A plaintiff seeking emergency injunctive relief must establish "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

**Discussion**

Petitioner claims that his continued detention violates due process and 8 U.S.C. § 1231(a) because his removal is not "reasonably foreseeable" as contemplated in *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001).  The U.S. Supreme Court has explained the provisions of § 1231(a) as follows:

> Once an alien is ordered removed, DHS must physically remove him from the United States within a 90-day "removal period." 8 U. S. C. § 1231(a)(1)(A). The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final," (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the alien is released from non-immigration detention or confinement. § 1231(a)(1)(B). During the removal period, detention is mandatory. § 1231(a)(2).

*Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021). Under § 1231, the removal period may be extended beyond 90 days for a variety of reasons including a determination by DHS that "removal is not practicable or proper." *Id*. at 528-29.

In *Zadvydas*, the Supreme Court construed § 1231 "to contain an implicit 'reasonable time' limitation, the application of which is subject to federal-court review." 533 U.S. at 682. When a removable alien is detained beyond this reasonable time and "removal is not reasonably foreseeable, the court should hold continued detention unreasonable." *Id*. at 699. The Court adopted a six-month period of presumptive reasonableness and confirmed that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 710.

Here, Petitioner has not shown a likelihood of success on the merits. Petitioner's removal order became final on March 9, 2025, the conclusion of the 30-day period to appeal it. ECF No. 10-1. Based on that date, the 90-day removal period under 8 U.S.C.A. § 1231 concluded on June 7, 2025. Petitioner concedes that the six-month period under *Zadvydas* has not elapsed. He claims, however, that *Zadvydas* does not necessarily bar a DHS detainee from challenging his or her detention until six months have passed after the removal order becomes final.[1]

The only authority Petitioner cites for his position is *Trinh v. Homan*, 466 F. Supp. 3d 1077, 1092–93 (C.D. Cal. 2020). In that case, a class action, the U.S. District Court for the Central District of California agreed with petitioners' argument that *Zadvydas* did not impose "a

---

[1] The Ninth Circuit has held that an alien ordered to be removed cannot bring a colorable claim for release under the Due Process Clause during the 90-day removal period. *Khotesouvan v. Morones*, 386 F.3d 1298, 1301 (9th Cir. 2004). The parties do not cite, and the Court is unaware of, Ninth Circuit case law that specifically addresses the situation here—a challenge filed after the conclusion of the 90-day removal period, but before the conclusion of the six-period provided in *Zadvydas*.

categorical prohibition on claims challenging detention less than six months." *Trinh*, 466 F. Supp. 3d at 1093. The court refused, however, to issue the class-wide declaration to that effect. In doing so, the Court reasoned that "[t]he fact-intensive question of whether individual class members are significantly likely to be removed needs to be answered in the first instance by the court presiding over the individual claim." *Id*.

Even assuming the *Trinh* court was correct about the permissibility of claims brought prior to the conclusion of the six-month period, the Petitioner in this case has not presented evidence sufficient to demonstrate that his current detention is unreasonable under *Zadvydas* or that there is no significant likelihood of removal in the reasonably foreseeable future. At the June 16 hearing, Petitioner's counsel argued that it is "unusual" for the DHS to continue holding a detainee when withholding of removal has been granted and there is no appeal pending. While this Court does not necessarily question the accuracy of that statement, counsel has provided no evidence to support it. Likewise, Petitioner contends he has not been advised of any efforts by DHS to arrange for his removal to a third country, but that does not necessarily mean that DHS has not made such efforts. If this Court is to permit his arguably premature challenge to his detention, Petitioner must make a much stronger showing to overcome the *Zadvydas*'s presumption that his detention is currently reasonable.

With respect to the likelihood that Petitioner will suffer irreparable harm if preliminary relief is not granted, the Respondents contend that they are currently subject to the preliminary injunction issued by the United States District Court for the District of Massachusetts in *D.V.D. v. U.S. Dep't of Homeland Sec*., Case No. cv 25-10676-BEM. That injunction requires the DHS to provide written notice before removing a non-citizen to a country other than the country or countries designated during immigration proceedings as the country of removal. ECF No. 10-2 at 3. It further requires that the non-citizen be given a meaningful opportunity, and a minimum of ten days, to assert a claim for protection under the Convention Against Torture prior to removal. *Id*. According to Respondents, they are bound by that injunction in this case, so

preliminary relief in this case is unnecessary and could potentially conflict with the injunction in the *D.V.D.* case.

This Court is not persuaded that the *D.V D*. injunction provides the Petitioner as much protection as the Respondents claim. As the Petitioner points out, the DHS has filed an application to stay the injunction in the U.S. Supreme Court that remains pending. ECF No. 11 at 4. In addition, the DHS has violated the injunction at least once. ECF No. 10-2. Even so, the Petitioner's demonstration of the likelihood that he will suffer irreparable harm without preliminary relief is lacking. Beyond the fact that the DHS is still holding him despite him being granted withholding of removal, Petitioner cites only examples of what has occurred in other cases around the country. ECF No. 8 at 10-14. This Court is not compelled to grant the preliminary relief Petitioner requests absent facts specific to himself and his situation. *See Sierra Forest Legacy v. Sherman*, 951 F. Supp. 2d 1100, 1112 (E.D. Cal. 2013) ("[B]road and untethered allegations of harm cannot serve as the irreparable injury required to demonstrate the need for injunctive relief.").

Because Petitioner has not demonstrated a likelihood of success on the merits or that he is likely to suffer irreparable harm in the absence of preliminary relief, the Court need not consider the other two *Winter* factors before denying Petitioner's motion. However, the denial of the motion does not foreclose Petitioner from filing another motion for preliminary relief after developing additional evidence. At the June 16 hearing, Petitioner's counsel indicated that Petitioner has been told by DHS that he could be removed to a third country. While that is not sufficient to warrant preliminary relief, it raises a concern that the Petitioner may not be afforded adequate notice before such removal takes place. Thus, the Court will require Respondents to provide 72-hours' notice to Petitioner's counsel in this case before the Government intends to remove Petitioner out of the country or to a different facility.

///

///

///

Accordingly,

IT IS HEREBY ORDERED that Petitioner's Emergency Motion for Temporary Restraining Order or Preliminary Injunction (ECF No. 8) is DENIED without prejudice.

IT IS FURTHER ORDERED that Respondents shall provide 72-hours' notice to Petitioner's counsel before it is the Government's intent to remove Petitioner out of the country or to a different facility.

DATED: June 17, 2025

_____
U.S. District Judge Gloria M. Navarro