UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NICOLAS ESTEBAN CAVIERES GOMEZ,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>JOHN MATTOS, *et al.*,<br><br>　　　　　　Defendants. | Case No.: 2:25-cv-00975-GMN-BNW<br><br>**ORDER** |

    Pending before the Court is the Motion for Extension of Time, (ECF No. 22),[1] filed by Federal Respondents. Petitioner Nicolas Esteban Cavieres Gomez filed a Response, (ECF No. 24). The Court ordered Federal Respondents to file an expedited Reply by September 29, 2025, at 12 p.m. (noon). (*See* Order, ECF No. 25). Federal Respondents filed a Status Report in lieu of a Reply on September 29, 2025, at 11:03 p.m. The Court construes the Status Report as a Reply which was untimely filed.

    Federal Respondents were ordered to respond to the First Amended Petition (ECF No. 18), by September 21, 2025. (*See* Scheduling Order, ECF No. 14). Because September 21 was a Sunday, Federal Respondents were permitted to file their response to the First Amended Petition by September 22, 2025. Federal Respondents failed to file a response by the deadline. On September 23, 2025, a day after the response was due, Federal Respondents moved for a 21-day extension to respond. (*See* Mot. Extend 2:16–19). They argue good cause exists for the extension because they face increased immigration case workloads. (*See generally id.*). Petitioner opposes the motion arguing that Federal Respondents fail to meet their burden of demonstrating diligence. (*See generally* Resp., ECF No. 24). The Court agrees.

---

[1] Federal Respondents filed an Errata, (ECF No. 23), to their Motion for Extension of Time, explaining that the original document contained typographical errors. The Court relies on the Errata in this Order.

Under Federal Rule of Civil Procedure 6(b)(1)(A), courts may "for good cause, extend the time. . . *if a request is made, before* the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A) (emphasis added).  If the motion is filed after the time has expired the Court must find good cause and that the "party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  Here, Federal Respondents fail to put forth any evidence of excusable neglect for why their Motion for Extension of Time was filed a day late.  Regardless, the Court does not find that the increased workload described by Federal Defendants, nor their communications with DHS, constitutes good cause for their requested extension.  Indeed, it is within the sound discretion of the Court to grant or deny a party's requests for additional time. *See e.g., Martin v. Cnty. of Los Angeles*, No. CV 16-02809-RGK (EX), 2016 WL 9455630, at *2 (C.D. Cal. Aug. 8, 2016).

Accordingly,

**IT IS HEREBY ORDERED** that Federal Respondents' Motion for Extension of Time, (ECF No. 22), is **DENIED**.

**IT IS FURTHER ORDERED** that Federal Respondents must file their response to Petitioner's First Amended Petition, (ECF No. 18), by October 6, 2025.

Federal Respondents are admonished for their failure to timely file documents with this Court.  Moving forward, late documents will not be considered.

Dated this __2__ day of October, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court